**BASIN ELECTRIC POWER COOPERATIVE, Plaintiff,**

v.

**DEPARTMENT OF PUBLIC SERVICE REGULATION, MONTANA PUBLIC SERVICE COMMISSION and Thomas Schneider, John Driscoll, Howard Ellis, Clyde Jarvis and Danny Oberg as Commissioners; United States Department of Energy; Donald P. Hodel, as Secretary of United States Department of Energy; Western Area Power Administration; Robert L. McPhail, As Administrator of Western Area Power Administration; Bonneville Power Administration and Peter T. Johnson as Administrator of Bonneville Power Administration, Defendants.**

**No. CV–84–138–H.**

United States District Court,
D. Montana,
Helena Division.

Jan. 11, 1985.

Stephen H. Foster, Holland & Hart, Billings, Mont., and Robert T. Connery, Robert M. Pomeroy, Jr., Michael J. Brennan, Holland & Hart, Denver, Colo., for plaintiff.

Eileen E. Shore, Robert A. Nelson, Staff Attys., Helena, Mont., for Dept. of Public Service Regulation, Montana Public Service Com'n, Thomas Schneider, John Driscoll, Howard Ellis, Clyde Jarvis and Danny Oberg.

Frank D. Meglen, Asst. U.S. Atty., Billings, Mont., for U.S. Dept. of Energy, Donald P. Hodel, Western Area Power Admin., Robert L. McPhail and Bonneville Power Admin.

## MEMORANDUM OPINION

BATTIN, Chief Judge.

Plaintiff Basin Electric Power Cooperative (Basin Electric) has filed a second motion for summary judgment in the above-captioned case. Plaintiff asserts that defendant Montana Public Service Commission (PSC) lacks statutory authority and does not have standing to raise any claims for relief set forth in its cross-claim. Specifically, the PSC is claiming violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347. For reasons stated below, plaintiff's second motion for summary judgment is granted.

## FACTS

On April 15, 1982, Basin Electric, a North Dakota electric cooperative corporation, and the Western Area Power Administration (WAPA), a federal electric power marketing agency, entered into a contract for the sale of power from the Antelope Valley Station electric generating plant in North Dakota for use by consumers in central California. The contract provided that WAPA would purchase 185 MW of power per year from Basin Electric for a five-year period. At the time that Basin Electric and WAPA began negotiations no Pacific Northwest utility was willing to commit to supplying the power, although surpluses now exist and power could come from closer sources.

The contract called for the power to be delivered by Basin Electric to WAPA at Miles City, Montana. WAPA then entered into a proposed Memorandum of Understanding (MOU) with the Bonneville Power Administration (BPA), a federal electric power marketing agency, for transmission of the power across Montana. The BPA prepared an Environmental Assessment (EA) of the proposed MOU, concluding that the MOU, as amended, was not a major federal action requiring preparation of an Environmental Impact Statement (EIS).

The PSC challenges Basin Electric's sale of power to WAPA on the grounds that WAPA and BPA have violated NEPA by failing to provide (1) an EA or an EIS on the Basin Electric-WAPA contract; (2) an EIS on the MOU; or (3) an EIS on the Intertie Access Policy of the BPA, which is implicated by the MOU. The PSC claims that the sale of power will degrade the human environment, to the detriment of Montana ratepayers, and that the PSC has

a right under NEPA to comment on the environmental impact of the sale. However, the Court finds that the PSC lacks authority and standing to assert such claims.

## DISCUSSION

### A. *Statutory Authority*

The PSC asserts that Montana's public utility law expressly gives the PSC both specific and general powers covering a comprehensive field of regulation. The PSC contends that the Commission is given "full power of supervision, regulation, and control" of public utilities, Mont.Code Ann. § 69-3-102 (1983), which includes responsibility for conservation and environmental quality. Thus, the PSC argues, it is authorized to enforce environmental standards, and its regulatory jurisdiction clearly extends to concerns applicable to NEPA. The Court does not agree.

■ The Montana PSC's duty, as defined by statute, is "to supervise and regulate the operations of public utilities, common carriers, railroads, and other regulated industries listed in this title." Mont.Code Ann. § 69-1-102 (1983). A "public utility" is defined as a corporation that owns, operates, or controls any plant or equipment in Montana for production or delivery of power. Mont.Code Ann. § 69-3-101(1) (1983). Therefore, even if the Commission were vested with the full powers advocated by the PSC, such powers only extend to public utilities in Montana. The PSC has no statutory authority to challenge the contract executed between Basin Electric, a North Dakota corporation, and WAPA, a federal agency.

■ Despite the PSC's assertions, nothing in Title 69 can be construed as giving the PSC statutory power to enforce environmental standards. While the commission has the power "to do all things necessary and convenient" in the exercise of its powers, Mont.Code Ann. § 69-3-103(1)

(1983), those powers are limited to matters affecting rates and services. The PSC has the power to encourage conservation but the power is limited to including conservation purchases or investments in a utility's rate base. Mont.Code Ann. § 69-3-712(1) (1983). There is no statutory indication under Title 69 that the legislature intended to extend the PSC's powers beyond the obvious scope of express rate-making authority, and no Montana case law suggests otherwise.[1] Had the legislature desired to extend the PSC's powers, it would have clearly granted the PSC power to enforce environmental standards.

Likewise, the Montana Major Facility Siting Act, Mont.Code Ann. §§ 75-20-101 to -1205 (1983), provides no statutory authority for the PSC's position. The Major Facility Siting Act is an environmental planning statute. The Act provides that no power or energy conversion facility may be constructed or operated within Montana without a certificate of environmental compatibility and public need. Mont.Code Ann. § 75-20-102 (1983).

The Act does not extend the PSC's powers beyond its designated area of expertise. Any application for construction is served on state agencies such as the departments of public service regulation, commerce, highways and revenue. Mont.Code Ann. § 75-20-211(3) (1983). Each department must then report information relating to the impact of the proposed site on each department's area of expertise. Mont.Code Ann. § 75-20-216(5) (1983). Such statutes do not indicate that the PSC has any special interest in conservation and environmental standards beyond impacts upon its ratemaking authority. The PSC has not been singled out as an agency with a particular interest or expertise in environmental matters. Without express statutory authority for the PSC to challenge federal actions under NEPA, the PSC must acquire standing to seek judicial review.

*Montana Power Company v. Public Service Commission of the State of Montana,* Mont., 692 P.2d 432 (1984).

---

1. The Montana Supreme Court has recently declined to rule on the scope or extent of the powers of the PSC under Title 69, Chapter 3.

**B.** *Standing to Seek Judicial Review*

Defendant PSC's cross-claim seeks judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, of the actions taken by the WAPA and BPA. The PSC seeks to enjoin and invalidate the power transfer in issue pending agency compliance with NEPA. Basin Electric, as well as WAPA, challenges the PSC's standing to assert its cross-claim.

Standing under the general review provisions of the APA requires a finding that the PSC has suffered an "injury in fact" and that the injury is "arguably within the zone of interest to be protected or regulated" by NEPA. *See Association of Data Processing Organizations, Inc. v. Camp,* 397 U.S. 150, 152–153, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184 (1970).

The requisite injury will arise from an impairment of the PSC's discharge of its statutory obligations. *Washington Utilities and Transportation Comm'n v. F.C.C.,* 513 F.2d 1142, 1149 (9th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975). Thus, if actions by WAPA and BPA have interfered with the PSC's rate-making authority, the PSC has standing. Injuries complained of by the PSC include degradation of the human environment (cross-claim, ¶ 48), interference with Pacific Northwest conservation opportunities (cross-claim, ¶ 22), denial of the right to comment on the environmental impact of WAPA's actions (cross-claim, ¶ 50), and increased electric rates to Montana ratepayers (cross-claim, ¶ 49).

The PSC, as previously discussed, is not responsible for environmental quality. It is not required to develop and enforce environmental or conservation standards so the challenged action has not impaired the PSC's statutory obligations. No injury can be found based on the PSC's environmental claims. The PSC acts from a generalized "motivation" and its concern is shared by citizens generally. *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 216–217 and 225–226, 94 S.Ct. 2925, 2929–2930 and 2934–2935, 41 L.Ed.2d 706 (1974).

The PSC's claim of increased electric rates to Montana ratepayers must fail because injuries based on the PSC's rate-making authority do not fall within the "zone of interests" to be protected by NEPA. Without environmental claims, the PSC has no standing to challenge the transfer under NEPA. *Port of Astoria, Oregon v. Hodel,* 595 F.2d 467, 475 (9th Cir.1979). Based on an examination of the character and interests of the PSC and the issues in dispute, the Court finds that the PSC fails to meet either prong of the APA standing test, and the PSC has no standing to assert any of the counts set forth in its cross-claim.

The PSC seeks to challenge what it terms a costly and unnecessary 2,000-mile transfer of electricity. It is attempting to use an environmental guise to challenge the transfer so that Pacific Northwest energy sources can be used, which would create a market for surpluses and spur conservation. However, the PSC has erroneously characterized its authority to include environmental interests. Therefore, the PSC's cross-claim is dismissed and Basin's second motion for summary judgment is granted.

An order conforming to this Memorandum Opinion shall be issued by the Court.